UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDYTA CLEMENT

                Plaintiff,

v.

COTT BEVERAGES INC.,

                Defendant.

**COMPLAINT**

---

The Plaintiff, EDYTA CLEMENT, by and through her attorneys, THE TARANTINO LAW FIRM, LLP, for her Complaint against the Defendant, alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., as amended by the Civil Rights Act of 1991, ("Title VII"); and the New York Human Rights Law, ("NYHRL"), Executive Law § 290 *et seq.* for damages arising from discrimination and retaliation based on sex and the discriminatory terms and conditions of employment imposed by Defendant, COTT BEVERAGES, INC.  This Court has jurisdiction pursuant to 42 U.S.C. §1981, Title VII, and this Court's power to assert ancillary and pendant jurisdiction of state law claims based on NYHRL, and pursuant to the common law of New York State.

2. The venue of this action is properly placed in the Western District of New York pursuant to § 706(f)(3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391.  Plaintiff resides in this district.  Defendant is doing business in this district, and a substantial part of the events giving rise to Plaintiff's claim occurred in this district.

## PARTIES

3. Plaintiff is a citizen of the United States of America, and resides in the County of Chautauqua, and State of New York.

4. At all relevant times, Plaintiff was an employee as defined in 42 U.S.C. § 2000(e) (f) and the New York State Human Rights Law, Executive Law § 290 *et seq*

5. Upon information and belief, Defendant, COTT BEVERAGES, INC., is a corporation incorporated under the laws of Georgia and authorized to do business in the state of New York.

6. At all relevant times, Defendant, COTT BEVERAGES, INC., was and still is an employer as defined in 42 U.S.C. § 2000(e) (b) and the New York State Human Rights Law, Executive Law § 290 *et seq.*

## CONDITIONS PRECEDENT TO ACTION

7. On December 18, 2013, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and retaliation. The Charge was cross-filed with the New York State Division of Human Rights ("NYSDHR").

8. On January 28, 2015, the EEOC issued a Notice of Right to Sue. A copy is attached as **Exhibit A**.

9. Plaintiff has filed this action within 90 days of the receipt of the notification of the Right to Sue from the EEOC.

## STATEMENT OF THE CASE

10. Plaintiff began working for Defendant, COTT BEVERAGES (formerly Cliffstar Corporation) in or around April 1996.

11. Defendant, COTT BEVERAGES ("Cott") is the world's largest, non-alcoholic, private label beverage manufacturer. Its United States headquarters is located in Tampa, FL. Cott has approximately 4,000 employees in manufacturing facilities in the United States, Canada, Mexico and the United Kingdom.

12. On August 17th, 2010, Cott acquired Cliffstar Corporation, a private label manufacturer of shelf stable juices that was located in Dunkirk, New York.

13. Cott currently operates a manufacturing facility in Dunkirk, New York that employs approximately 500 individuals. The Dunkirk facility handles all aspects of the beverage manufacturing process, including processing fruit ingredients, manufacturing beverage products, filling, packaging and labeling, distribution and product testing and development.

14. In or around 1997, Plaintiff became a label machine operator in the Production Department. Plaintiff remained in that position for 16 years.

15. In June 2011, Plaintiff was transferred from the third shift to the first shift.

16. There are seven Production lines on three shifts.

17. Plaintiff's responsibility as a label machine operator was to ensure that the proper labels and date code were applied to the product. Plaintiff also was responsible for set-up and clean-up of the machine and completing a preventative maintenance checklist prior to each shift and performing preventative maintenance on the label machine.

18. The personnel in the label warehouse is responsible for pulling the labels according to the daily schedule and sending the correct labels to the label machine operators in the Production department. The label machine operators receive the labels and load them into the labeling machine.

19. There are several other individuals and departments who are responsible for ensuring that the proper labels and date codes are applied to the product, including the label inspector, the product packer, the Team Captain, and the quality control department. In addition, as label machine operator, Plaintiff was required to pull a sample for each bundle and note the time, date and my initials on the sample. The sample then goes to the Production Office where it is picked up and checked by laboratory personnel.

20. In April 2013, a batch of product went out with the wrong back label. The issue concerned the labeling of sulfites on white grape juice. Sulfites are required to be labeled as an allergen on all products distributed in Canada. However, none of the label machine operators, team captain or the production supervisor were aware of this requirement and the paperwork received with the product and labels did not communicate this requirement. On this particular day, a bundle of red grape juice back labels were inadvertently mixed in with the white grape juice back labels. Because red grape juice does not contain sulfites, several cases of white grape juice were not labeled as containing sulfites.

21. The mistake was not caught by the several quality checks that occurred after the bottles left the labeling process. It was not caught by the label warehouse personnel who sent the incorrect label, it was not caught by Plaintiff's Team Captain, it was not caught by the product packer nor the pallet operator. It was also not caught by the laboratory personnel who received the daily samples.

22. On May 29, 2013, Tim Lipinski, the Operations Manager for the Dunkirk facility and Jessica Wisniewski, the Human Resources Manager for the Dunkirk facility called a meeting with Plaintiff and told her she was being suspended due to the mislabeling of the white grape juice.

23. On May 30, 2013, Plaintiff received a telephone call at home and was told that her employment with Cott Beverages was being terminated and that her health insurance coverage would also end that day. Plaintiff was the only individual that was involved in this labeling mistake that was terminated. None of the other male employees, including the Team Captain, the product packer, the paletizer, the label warehouse personnel or the quality control personnel were suspended or terminated.

24. This was the first time that Plaintiff had been involved in a product mislabel in 16 years as a label machine operator.

25. Upon information and belief, several months prior, there had been a similar labeling mistake that resulted in Defendant losing part of its business with Walmart and being fined $250,000. The male label machine operator, Christopher Center, that was involved in the mistake did not lose his job.

26. In approximately 2009, a male machine operator put the wrong information into his machine creating hold product and the female Team Captain, Melinda Smith, who was responsible for overseeing production on the line, was taken off her job and was demoted.

27. Plaintiff was treated less favorably than male employees on several occasions. In June 2011, when Plaintiff first started on the first shift, Defendant had hired an outside consulting group to assist with improving efficiencies on the line. One morning, Plaintiff had problems with her machine which created downtime on the line. Plaintiff's Team Captain told her that they could not address her machine because they were working on fixing another machine that was also down. At a meeting with the outside consultants, management, line team members and people from other departments within the company, Tim Lipinski singled Plaintiff

out and said that Plaintiff was new to the shift and had to learn how things were done on the first shift.  Plaintiff's Team Captain did not step in and tell anyone that the reason she had so much downtime was that there was a delay in fixing her machine.

28. Several male employees made mistakes putting incorrect labels on products or incorrect expiration dates in caps.  In Fall 2012, a male label operator was frustrated that he was not receiving relief for his lunch break.  He walked off the line and did not return for the remainder of his shift.  He was also making many labeling mistakes.  As his punishment, he was taken off the label machine for the week and was transferred to the packer machine for the week.  He was not suspended or terminated.

29. In March 2013, a male label operator applied the wrong label to approximately 240-300 cases of product.  He was not suspended or terminated.

30. In approximately 2010, line 3 was cut down to less days.  Three male line operators were placed on different lines and/or given jobs with the same pay grade as their line 3 operator jobs.  The only female on line 3 was required to take a position at a lower pay grade.

31. During summer 2012, a female and a male employee got into an argument during their lunch break. The female employee was suspended for three days and the male employee was not suspended or otherwise punished.

**AS AND FOR A FIRST CAUSE OF ACTION**

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" as though fully set forth herein.

33. Throughout her time as an employee of Defendant COTT BEVERAGES, Plaintiff was subjected to different terms and conditions of employment than similarly situated male employees.

34. Plaintiff has been subjected to a continuing course of sexual discrimination by Defendant, its agents, servants, and/or employees.

35. The effect of the policies and practices pursued by the Defendant as alleged above limited, classified, and discriminated against the Plaintiff in ways which resulted in the loss of her job and deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her sex in violation of 42 U.S.C. § 2000e *et seq.*

36. Defendant knew or in the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

37. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Defendant discriminated against Plaintiff with respect to her compensation, terms, conditions, and privileges of employment constituting unlawful sex discrimination in violation of § 703(a) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5.

38. Defendant's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment. Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

39. As a direct and proximate result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

40. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The injunctive and other relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

41. Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

42. Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A SECOND CAUSE OF ACTION

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "42" as though fully set forth herein.

44. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

45. Defendant, its agents, servants, and/or employees treated Plaintiff adversely because of her sex and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq*.

46. Defendant discriminated against Plaintiff with respect to compensation, terms, conditions, and privileges of employment because of her sex in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq*.

47. Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights under the Human Rights Law of the State of New York.

48. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages and employee benefits, lost employment opportunities, mental anguish, severe emotional distress, and embarrassment.

49. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

50. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The injunctive and other relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

51. Plaintiff demands a jury trial as to all issues so triable.

**AS AND FOR A THIRD CAUSE OF ACTION**

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "51" as though fully set forth herein.

53. As a result of these sexually offensive acts, including but not limited to those described above, Defendant, its agents, servants, and/or employees, created a hostile working environment in which Plaintiff was intimidated, harassed, and undermined in her attempts to succeed.

54. Throughout Plaintiff's employment with Defendant, Plaintiff brought the above described unlawful conduct to the attention of several human resources personnel.

55. As a result, Defendant knew or through the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

56. The effects of this hostile working environment were so severe and pervasive that it affected the terms, conditions, and privileges of the Plaintiff's employment, constituting unlawful sexual harassment in violation of § 703(a) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII Of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(g).

57. Defendant's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment. Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

58. As a direct and proximate result of the Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

59. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices.  The injunctive and other relief she seeks is her only means

of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

60. Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

61. Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

### AS AND FOR A FOURTH CAUSE OF ACTION

62. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "61" as though fully set forth herein.

63. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

64. During the course of Plaintiff's employment, Defendant, its agents, servants, and/or employees subjected Plaintiff to unwelcome comments, insults and other sexually offensive conduct thus creating a hostile work environment and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

65. Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights under the Human Rights Law of the State of New York.

66. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages and employee benefits, lost employment opportunities, mental anguish, severe emotional distress, and embarrassment.

67. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

68. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The injunctive and other relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

69. Plaintiff demands a jury trial as to all issues so triable.

**WHEREFORE,** Plaintiff prays to this Court for the following:

1. For the First and Third Causes of Action, Plaintiff demands judgment against Defendant COTT BEVERAGES INC. as follows:

   a. For recovery of $3,000,000 against Defendant as actual damages for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension, social security, and other past and future benefits, mental aguish, emotional distress, and embarrassment in an equal amount as liquidated damages, and compensatory damages and for punitive damages together with interest as a result of Defendant's discrimination against Plaintiff;

   b. For the recovery of costs and counsel fees as provided by statute;

   c. For trial by jury on all triable issues; and

   d. For such other and further relief as the Court may deem just, fit, and proper.

2. On the Second and Fourth Causes of Action, Plaintiff demands judgment against Defendant COTT BEVERAGES as follows:

      a.      For the recovery of $3,000,000 against Defendant as actual damage for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension, social security, and other past and future benefits, mental anguish, emotional distress and embarrassment in an equal amount as liquidated damages, and compensatory damages, together with interest as a result of Defendant's discrimination against Plaintiff;

      b.      For trial by jury on all triable issues; and

      c.      For such other and further relief as the Court may deem just, fit, and proper.

Dated:  Buffalo, New York
       April 27, 2015

      Respectfully submitted,

      */s/Kevin P. Wicka*
      Kevin P. Wicka, Esq.
      The Tarantino Law Firm, LLP
      Attorneys for Plaintiff, EDYTA CLEMENT
      1500 Rand Building, 14 Lafayette Square
      Buffalo, New York  14203
      (716) 849-6500
      kwicka@tarantinolaw.com